IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INFINITY COMPUTER PRODUCTS, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| OKI DATA AMERICAS, INC. | : | No. 12-6797 |

ORDER

AND NOW, this 20th day of March, 2013, upon consideration of: (1) Defendant's Motion to Dismiss (Doc. No. 11) and the parties' responses and replies thereto (Doc. Nos. 18, 22); and (2) Defendant's Motion for Judgment on the Pleadings (Doc. No. 10) and the parties' responses and replies thereto (Doc. Nos. 19, 23), it is hereby ORDERED as follows:

1. Defendant's Motion to Dismiss (Doc. No. 11) is DENIED WITH PREJUDICE for the reasons set forth below.

2. Defendant's Motion for Judgment on the Pleadings (Doc. No. 10) is DENIED WITHOUT PREJUDICE as premature.

I. Factual Background

On June 30, 2010, Infinity Computer Products, Inc. ("Infinity") filed a Complaint in this Court alleging that fifteen defendants separately infringed upon patents held by Infinity. Infinity v. Brother Int'l, Corp., Civ. No. 2:10-cv-3175 (E.D.Pa. June 30, 2010). On November 16, 2012, this Court held that the defendants were improperly joined and Ordered the action severed as to each defendant. Infinity Computer Products, Inc. v. Brother Int'l Corp., --- F.Supp.2d ---, No. 10-cv-3175, 2012 WL 6619200 (E.D. Pa. Nov. 16, 2012).

Plaintiff initiated this action against Defendant, Oki Data Americas, Inc. ("Oki Data") on December 5, 2012. Plaintiff's Complaint alleges that Oki Data has infringed upon United States

Patent Numbers 6,894,811 (Count I), 7,489,423 (Count II), 8,040,574 (Count III), and 8,294,915 (Count IV) (collectively "the Infinity Patents"). Each Count alleges that Defendant had knowledge of the Infinity Patents and "willfully infringed . . . through its intentional actions despite its prior knowledge."

Currently before the Court is Defendant's Motion to Dismiss Plaintiff's claims of willful infringement as to Patent Numbers 8,040,574 and 8,294,915.

II.     Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard 'asks for more than a sheer possibility that a defendant has acted unlawfully.'" Miles v. Twp. of Barnegat, 343 F. App'x 841, 844 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949).

In reviewing patent actions, we apply Federal Circuit precedent to questions of substantive patent law and the law of the Third Circuit to procedural questions. In re EMC Corp., 677 F.3d 1351, 1354 (Fed.Cir.2012); Wordtech Sys., Inc v. Integrated Networks Solutions, Inc., 609 F.3d 1308, 1318 (Fed. Cir. 2010); Aero Prods. Int'l, Inc. v. Intex Recreation Corp., 466 F.3d 1000, 1016 (Fed.Cir.2006). Whether a willful infringement claim pleads sufficient facts to

survive Rule 12(b)(6) is a "procedural issue[ ], not pertaining to patent law" and to which we apply the law of this circuit. Mitutoyo Corp. v. Cent Purchasing, LLC, 499 F.3d 1284, 1290 (Fed Cir. 2007). In the absence of Third Circuit precedent on a procedural patent question, we find Federal Circuit law persuasive.

   III.   Discussion

Defendant moves to dismiss Plaintiff's claims of willful infringement as to Patent Numbers 8,040,574 and 8,294,915 for failure to state a claim under 12(b)(6). At this stage, we find that Plaintiff has alleged sufficient factual matter to survive a motion to dismiss.

A finding of willful infringement allows an award of enhanced damages under 35 U.S.C. § 284. In re Seagate Technology, LLC, 497 F.3d 1360, 1368 (Fed.Cir.2007). To establish willful infringement, a patent owner must demonstrate by clear and convincing evidence that the infringer acted despite an "objectively high likelihood that its actions constituted infringement" and must also demonstrate that this "objectively-defined risk was known or so obvious that it should have been known to the accused infringer." Id. at 1371.

In determining whether a Plaintiff has made out a claim of willful infringement, the trial court must examine the totality of the circumstances. Broadcom Corp. v. Qualcomm Inc., 543 F.3d 683, 700 (Fed.Cir.2008). Willfulness is a fact-intensive issue that is difficult to resolve at the pleading stage. Id. Accordingly, courts in this circuit frequently allow general allegations of willful infringement to withstand motions to dismiss under Rule 12(b)(6). See e.g. Netgear, Inc. v. Ruckus Wireless, Inc., 852 F. Supp. 2d 470, 477 (D. Del. 2012); Best Med. Int'l, Inc. v. Accuray, Inc., 2:10-CV-1043, 2011 WL 860423 (W.D. Pa. Mar. 9, 2011); S.O.I.TEC Silicon on Insulator Techs., S.A. v. MEMC Elec. Materials, Inc., Civ. No. 08–292, 2009 WL 423989

(D.Del. Feb. 20, 2009). Moreover, while Federal Circuit law does not control the pleading standard in this case, we find significant that, the Federal Circuit holds that the generalized patent infringement complaint found in Federal Rules of Civil Procedure Form 18 meets the Twombly pleading standard. McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1356-57 (Fed.Cir.2007), citing Conley v. Gibson, 355 U.S. 41, 47 (1957) (stating that "[the] illustrative forms appended to the Rules plainly demonstrate [the pleading requirements]").[1]

Here, Plaintiff's Complaint alleges that Defendant had prior knowledge of the Infinity Patents and that, despite this prior knowledge, Defendant willfully infringed upon the Infinity Patents through its intentional actions. Viewing these factual allegations in the light most favorable to Plaintiff, at this stage, we can infer that Defendant acted despite an awareness that its actions constituted an objectively high likelihood of infringement. Seagate, 497 F.3d at 1371. Although Plaintiff's allegations are largely generalized, we agree with our sister courts, that willfulness is a fact-intensive issue that is best resolved upon a fully developed record, and we decline to require more detail with respect to willful infringement claims than is required of patent infringement claims by Form 18. See e.g. Netgear, 852 F. Supp. 2d at 477.

---

[1] Defendant correctly highlights that the Federal Circuit has stated that it will not extend Form 18's pleading requirement for "direct infringement claims" to claims of "indirect infringement" – which require a Plaintiff to prove entirely different legal elements and for which the Federal Rules of Civil Procedure lack a form. In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d 1323, 1336 (Fed. Cir. 2012) ("Forms are controlling only for causes of action for which there are sample pleadings"). Nonetheless, we cannot find this holding to suggest that the Federal Circuit requires a higher pleading standard for claims of willful, direct infringement than either the Federal Circuit requires for standard direct infringement claims or than courts in this circuit require.

IV.     Conclusion

For the reasons set forth above, it is hereby ORDERED that Defendant's Motion to Dismiss (Doc. No. 11) is DENIED WITH PREJUDICE. Defendant's Motion for Judgment on the Pleadings (Doc. No. 10) is DENIED WITHOUT PREJUDICE as premature.

BY THE COURT:

S/Legrome D. Davis

Legrome D. Davis, J.