IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INFINITY COMPUTER PRODUCTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 12-6797-LDD |
| ) | |
| OKI DATA AMERICAS, INC., ) | Judge: Hon. Legrome D. Davis |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR STAY
PENDING REEXAMINATION OF ALL ASSERTED PATENTS**

Defendant Oki Data Americas, Inc. ("Oki Data") brings this Motion for Stay Pending Reexamination of All Asserted Patents and, in support thereof, states as follows:

1. On June 30, 2010, Infinity Computer Products ("Infinity") filed a patent infringement suit with this Court, alleging that fifteen entities infringe one or more claims of U.S. Patent Nos. 6,894,811 ("the '811 patent") and 7,489,423 ("the '423 patent"). *See* Civ. No. 10-3175 ("*Infinity I*").

2. On April 13, 2011, the *Infinity I* Defendants moved to sever the Complaint into separate causes of action against each Defendant, and further moved to stay the action pending *ex parte* reexamination requests filed with the USPTO for the '811 and '423 patents. This Court granted the stay. On November 16, 2012, the Court held that the *Infinity I* Defendants were improperly joined and ordered severance.

3. Infinity filed its severed complaint against Oki Data on December 5, 2012 and, therein, added additional claims of infringement of U.S. Patent Nos. 8,040,574 ("the '574 patent) and 8,294,915 ("the '915 patent"). (Civ. No. 12-6797, Doc. No. 1)  On March 20, 2013, the

1

Court denied without prejudice Oki Data's motion for judgment on the pleadings that the '811 patent is invalid as "premature."  (*Id.*, Doc. No. 28 at 5)

4.      Ricoh Americas Corporation ("Ricoh") filed *ex parte* reexamination requests with the USPTO for the '811, '423, '574 and '915 patents on March 22, 2013.  The USPTO granted reexamination on the '811, '423 and '574 patents on April 24, 2013, and issued a non-final rejection of all claims of each patent.  On April 29, 2013, the USPTO granted reexamination of the '915 patent, similarly issuing a non-final rejection of all claims.

5.      On April 30, 2013, the Court granted motions to stay filed by *Infinity I* severed Defendants Toshiba America Business Solutions, Inc. (Civ. No. 12-6796, Doc. No. 20), Samsung Electronics America, Inc. (Civ. No. 12-6798, Doc. No. 30), Lexmark International, Inc. (Civ. No. 12-6799, Doc. No. 29), Canon USA, Inc. (Civ. No. 12-6800, Doc. No. 25), Konica Minolta Business Solutions, U.S.A., Inc. (Civ. No. 12-6802, Doc. No. 22), Panasonic Corporation of North America (Civ. No. 12-6803, Doc. No. 20), Xerox Corporation (Civ. No. 12-6804, Doc. No. 22), Hewlett-Packard Company (Civ. No. 12-6805, Doc. No. 22), Ricoh (Civ. No. 12-6807, Doc. No. 15), and Dell, Inc. (Civ. No. 12-6808, Doc. No. 22).

6.      Oki Data deferred filing a motion to stay until the reexamination requests had been acted upon by the USPTO.  Now that the USPTO has granted the reexamination requests, a stay motion is ripe for decision.

7.      A stay of the above-captioned action is warranted for the same reasons discussed by the Court in its orders granting a stay in these related actions. The operative facts with respect to Oki Data are the same.  For example, Infinity did not seek a preliminary injunction against Oki Data and is not a direct competitor of Oki Data (or any Defendant).  The above-captioned

case is also in its infancy: discovery has not begun and no trial date has been set. On balance, a stay of this matter is warranted.[1]

8. Pursuant to Local Rule 7.1(a), a proposed order[2] is attached as Exhibit A hereto.

9. Oki Data represents that it conferred with Infinity with respect to its request. Notwithstanding that the related actions are stayed, Infinity opposes the present motion. Infinity states that it cannot consent to a stay because it may seek to lift the stay in the future.

          Respectfully submitted,

          *s/ John W. Shaw*
          John W. Shaw (No. 75738)
          Stephanie E. O'Byrne (pro hac vice)
          SHAW KELLER LLP
          300 Delaware Ave., Suite 1120
          Wilmington, DE 19801
          (302) 298-0700
          jshaw@shawkeller.com
          Attorney for Oki Data Americas, Inc.

          OF COUNSEL:
          Marc R. Labgold, Ph.D.
          NAGASHIMA & HASHIMOTO
          Hirakawa-cho KS Bldg., 2nd Floor
          2-4-14 Hirakawa-cho, Chiyoda-ku
          Tokyo 102-0093 Japan

Dated: May 7, 2013

---

[1] To avoid burdening the Court with additional papers on an issue already duly considered by the Court in the related actions, Oki Data does not reiterate the Court's analysis here, but incorporates its Orders herein by reference. Should Infinity file a substantive opposition to Oki Data's motion to stay the present action – notwithstanding that the other, related actions are now in civil suspense – Oki Data will seek leave to respond, as necessary.

[2] The form order contains verbatim the operative portions of the orders of stay entered by the Court in Civ. Nos. 12-6798, 12-6800, 12-6803 and 12-6807.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INFINITY COMPUTER PRODUCTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-6797-LDD |
| | ) | |
| OKI DATA AMERICAS, INC., | ) | Judge:  Hon. Legrome D. Davis |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] O R D E R**

AND NOW, this _____ day of _____, 2013, upon consideration of Defendant Oki Data Americas, Inc.'s Motion for Stay Pending Reexamination of All Asserted Patents (Doc. No. _____), Notification that Reexaminations of U.S. Patent Nos. 6,894,811, 7,489,423, 8,294,915, and 8,040,574 have been ordered, and the Court's prior orders staying the related cases;

1. Oki Data's motion for stay is GRANTED.  This matter is stayed until the United States Patent and Trademark Office ("USPTO") completes its reexaminations of U.S. Patent Nos. 6,894,811, 7,489,423, 8,294,915, and 8,040,574.

2. The parties are ORDERED to update the Court on the status of the reexaminations of U.S. Patent Nos. 6,894,811, 7,489,423, 8,294,915, and 8,040,574 (1) every ninety (90) days, (2) upon the USPTO's issuance of a Notice of Intent to Issue a Reexamination Certificate (NIRC) in any of the reexaminations, and (3) upon the USPTO's issuance of a Reexamination Certificate in any of the reexaminations.

3. The Clerk of Court shall place this matter into civil suspense and mark it as closed for statistical purposes.

_____
United States District Judge