IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INFINITY COMPUTER PRODUCTS, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| OKI DATA AMERICAS, INC. | : | No. 12-6797 |

ORDER

AND NOW, this 22nd day of May, 2013, upon consideration of Defendant's Motion for Stay Pending Reexamination of all Asserted Patents (Doc. No. 32), Plaintiff Infinity Computer Products, Inc.'s Response thereto (Doc. No. 34), and Notification that Reexaminations of U.S. Patent Nos. 6,894,811, 7,489,423, 8,294,915, and 8,040,574 have been ordered,[1] it is hereby ORDERED as follows:

1. Defendant's Motion for Stay Pending Reexamination of all Asserted Patents (Doc. No. 32) is GRANTED. This matter is stayed until the United States Patent and Trademark Office ("USPTO") completes its reexaminations of U.S. Patent Nos. 6,894,811, 7,489,423, 8,294,915, and 8,040,574.

2. The parties are ORDERED to update the Court on the status of the reexaminations of U.S. Patent Nos. 6,894,811, 7,489,423, 8,294,915, and 8,040,574 (1) every ninety (90) days, (2) upon the USPTO's issuance of a Notice of Intent to Issue a Reexamination Certificate (NIRC) in any of the reexaminations, and (3) upon the USPTO's issuance of a Reexamination Certificate in any of the reexaminations.

3. The Clerk of Court shall place this matter into civil suspense and mark it as closed for statistical purposes.

---

[1] See Infinity Computer Prods., Inc. v. Panasonic Corp. of N. Am., Civ. No. 12-6803 (E.D. Pa. April 26, 2013, April 29, 2013).

I.      Factual Background and Procedural History

On June 30, 2010, Infinity Computer Products, Inc. ("Infinity") filed a patent infringement suit with this Court, alleging that fifteen entities infringe upon one or more claims of U.S. Patent Nos. 6,894,811 (the "811 patent") and 7,489,423 (the "423 patent").  Infinity v. Brother Int'l, Corp., Civ. No. 2:10-cv-3175 (E.D.Pa. June 30, 2010) ("Infinity I").  The '811 patent contains twenty (20) claims, all drawn to methods of linking a fax machine to a computer so that the fax machine functions as a scanner and/or a printer.[2]  The '423 patent purports to be a division of the application that eventually issued as the '811 patent.  The '423 patent contains six (6) claims, all drawn to methods similar to those claimed in the '811 patent.

On April 13, 2011, the Infinity I Defendants moved to sever the Complaint into separate causes of action against each Defendant and further moved to stay the action pending *ex parte* reexamination requests filed with the USPTO for the '811 patent[3] and the '423 patent.[4]  Finding a "substantial new question of patentability," the USPTO granted both reexamination requests and issued first actions on the merits in both reexaminations, which included non-final rejections of all twenty (20) claims of the '811 patent and all six (6) claims of the '423 patent.  We accordingly stayed the Infinity I litigation pending the USPTO's final reexamination of the '811 and '423 patents.

Following Infinity's amendment of the '811 and '423 patents, the USPTO ultimately

---

[2]The Court need not, and does not, construe the scope of the claims in general, or any claim terms in particular, at this time.  The Court's recitation of the claimed technology serves only to provide context to the parties' dispute.

[3]Reexamination Application No. 90/009,901.

[4]Reexamination Application No. 90/009,902.

permitted Infinity's claims and issued reexamination certificates for each patent. Nonetheless, in a status update filed with this Court, the Infinity I Defendants argued that the USPTO's reexamination certificates were based on the addition of a single limitation to the '811 and '423 patents, which was known in the prior art, and that, therefore, the amended claims remained invalid. Brother Int'l Corp., Civ. No. 2:10-cv-3175 (E.D.Pa. June 15, 2012). Based on this assertion, Defendants indicated that they may file subsequent requests for reexamination with the USPTO. Id. Nonetheless, the Court removed this case from civil suspense on September 20, 2012. We subsequently held that the Infinity I Defendants were improperly joined and Ordered the action severed as to each Defendant. Infinity Computer Products, Inc. v. Brother Int'l Corp., --- F.Supp.2d ---, No. 10-cv-3175, 2012 WL 6619200 (E.D. Pa. Nov. 16, 2012).

Plaintiff initiated this action against Defendant, Oki Data Americas, Inc. ("Oki Data") on December 5, 2012. Plaintiff's Complaint once again alleges that Defendant has infringed upon the 811 and 423 patents. The Severed Complaint additionally alleges infringement of U.S. Patent Number 8,040,574 ("the '574 patent) and U.S. Patent Number 8,294,915 ("the '915 patent"). The '574 patent was issued on October 18, 2011, and the '915 patent was issued on October 23, 2012. The '574 and '915 patents are directly related to the '811 and '423 patents.

On March 22, 2013, Ricoh Americas Corporation—Defendant in related Action Infinity Computer Products, Inc. v. Ricoh Americas Corp, Civ. No. 12-6807 (E.D. Pa, Dec. 5, 2012) — filed *ex parte* reexamination requests with the USPTO for the '423 patent,[5] '811 patent,[6] '574

---

[5] Reexamination Application No. 90/012,815

[6] Reexamination Application No. 90/012,816

patent,[7] and '915 patent.[8] On April 24, 2013, the USPTO issued first actions on the merits in the '423, '811, and '574 reexaminations, which amount to non-final rejections of all six (6) claims of the '423 patent, all twenty (20) claims of the '811 patent and all fifteen (15) claims of the '574 patent.[9] On April 29, 2013, the USPTO similarly issued non-final rejections of the all eight (8) claims of the '915 patent.[10] The USPTO rejected each claim, finding it "obvious" in light of previously patented technology, pursuant to 35 U.S.C. 103(a), which provides: "A patent may not be obtained . . . if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains."

Currently before the Court is Defendant's Motion to Stay pending reexamination of the '423, '811, '574, and '915 patents. For the reasons set forth below, we believe that staying the instant litigation is the most prudent course of action at this time.

II.     Standard of Review

"Courts have inherent power to manage their dockets and stay proceedings . . . including the authority to order a stay pending conclusion of a PTO reexamination." Ethicon, Inc. v. Quigg 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted). The decision to stay litigation pending patent reexamination falls within a district court's "broad discretionary powers." Gould

---

[7] Reexamination Application No. 90/012,817

[8] Reexamination Application No. 90/012,818

[9] See Infinity Computer Prods., Inc. v. Panasonic Corp. of N. Am., Civ. No. 12-6803 (E.D. Pa. April 26, 2013).

[10] See Infinity Computer Prods., Inc. v. Panasonic Corp. of N. Am., Civ. No. 12-6803 (E.D. Pa. April 29, 2013).

v. Control Laser Corp., 705 F.2d 1340, 1341 (Fed. Cir. 1983); see also Cost Bros., Inc. v. Travelers Indem. Co., 760 F.2d 58, 60-61 (3d Cir. 1985) ("the decision whether to grant a stay . . . is committed to the district court's discretion, since it is a matter of the court's inherent power to conserve judicial resources by controlling its own docket.").

Courts have enumerated the many advantages of staying a civil action pending the USPTO's reexamination of a patent-in-suit: "(1) a review of all prior art presented to a court by the PTO, with its particular expertise; (2) the potential alleviation of numerous discovery problems relating to prior art by PTO examination; (3) the potential dismissal of a civil action should invalidity of a patent be found by the PTO; (4) encouragement to settle based upon the outcome of the PTO reexamination; (5) an admissible record at trial from the PTO proceedings which would reduce the complexity and length of the litigation; (6) a reduction of issues, defenses and evidence during pre-trial conferences; and (7) a reduction of costs for the parties and a court." ICI Uniqema, 2009 WL 4034829, at *1 (citations omitted).

District courts in our circuit typically consider three factors when deciding whether to stay a patent suit pending the outcome of USPTO reexamination of the patents-in-suit: (1) whether a stay will unduly prejudice or present clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether discovery is complete and whether a trial date has been set. See, e.g., In re Laughlin Prods., Inc., 265 F. Supp. 2d 525, 530-31 (E.D. Pa. 2003); Heraeus Electro-Nite Co. v. Vesuvius USA Corp., Civil Action No. 09-2417, 2010 WL 181375, at *1 (E.D. Pa. Jan. 11, 2010); ICI Uniqema, Inc. v. Kobo Prods., Inc., Civil Action No. 06-2943, 2009 WL 4034829, at *1 (D.N.J. Nov. 20, 2009). We find this framework analytically helpful and therefore use it to guide our

discretion in this matter.

        A.     A Stay Will Not Unduly Prejudice Infinity Or Present Infinity With A Clear Tactical Disadvantage.

We cannot find that a stay will unduly prejudice Infinity or present Infinity with a clear tactical disadvantage.

Infinity argues that a stay will prejudice its case, because a stay may delay the final resolution of this action. Nonetheless, "[D]elay inherent in the reexamination process does not constitute, by itself, undue prejudice." ICI Uniqema, 2009 WL 4034829, at *2 (quoting SKF Condition Monitoring, Inc. v. SAT Corp., 2008 WL 706851, at * 6 (S.D. Cal. Feb. 27, 2008)). Delay is typical aspect of litigation, and Infinity fails to explain how delay would unduly prejudice its position in this particular case.

Additionally, at this stage it is not clear that a stay pending reexamination will cause significant delay. The USPTO seems to be working diligently through its reexaminations of the patents in suit. It took the USPTO just over one month after Richo's requests were filed to issue first notices on the merits. To the extent that the USPTO's final review of the patents-in-suit helps to narrow the issues before us and limit discovery, a temporary stay could ultimately expedite a final resolution of this action.

Moreover, as we have previously explained, Infinity did not seek a preliminary injunction, is not a direct competitor of Defendants, and does not manufacture or sell products that practice the patented technology. Since no competing products are at issue here, any delay caused by reexamination will not diminish Infinity's measure of damages Infinity can be adequately compensated with money damages, and "there is no risk of irreparable harm accruing

during the stay." See Heraeus, 2010 WL 181375, at *1.

For the reasons set forth above, we cannot conclude that a stay will unduly prejudice Infinity or burden Infinity with a clear tactical disadvantage.

### B.     A Stay Will Likely Simplify The Issues Facing This Court

As discussed above, the USPTO has preliminarily rejected all of the claims in all four (4) of the patents-in-suit. With regard to the '811 and '423 patents, the USPTO previously rejected all twenty-six (26) claims asserted and only granted reexamination certificates once Plaintiff amended the patents to include an additional limitation. Since the '811 and '423 reexamination certifications were issued, Defendant has continually asserted that the amended claims were known in the prior art and therefore remain invalid, and the USPTO's April 24, 2013 first notices affirm this position.

Infinity will undoubtedly challenge the USPTO's rejections, and the Court will not speculate on the ultimate outcome of the reexamination proceedings. However, we agree with our sister court that "charging ahead . . . when there are significant questions regarding the patentability of plaintiff's invention does not appear prudent." MercExchange, L.L.C. v. eBay, Inc., 500 F. Supp. 2d 556, 567 (E.D. Va. 2007) (granting stay pending reexamination, in part because USPTO had issued interim rejections of all claims of the patent-in-suit). Here, the USPTO's non-final rejection of all of the patent claims in suit raises "significant questions" regarding the validity of Infinity's patents, and prudence counsels that we stay this matter until the USPTO's reexamination proceedings have run their course.

As we have previously explained and as other courts have likewise concluded, we believe that patent reexamination can simplify this litigation in at least two ways. First, the cancellation,

amendment, or clarification of claims during the reexamination process may significantly reduce the number of contested issues facing the Court. See ICI Uniqema, 2009 WL 4034829, at *2 (citing Ethicon, 849 F.2d at 1428). Second, even if all of Infinity's patent claims come through the reexamination process unscathed, the USPTO's expert opinion may still provide valuable insight to the Court. See id.; see also Gould, 705 F.2d at 1342 (Noting that "[o]ne purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding).").

For the above reasons, we conclude that a stay pending reexamination will likely simplify the issues in the instant litigation.

    C.    This Matter Is In Its Early Stages

As we discuss above, when deciding whether to stay a patent suit during a related reexamination, courts generally consider the stage of the proceedings—that is, "whether discovery is complete and whether a trial date has been set." In re Laughlin Prods., Inc., 265 F. Supp. 2d at 530-31. A stay is particularly appropriate in the infancy of a lawsuit and throughout the early stages of discovery. See Purolite Int'l, Ltd. v. Rohm & Haas Co., Civ. A. No. 91–2740, 1992 WL 142018, at *3 (E.D. Pa. June 15, 1992) (granting stay pending reexamination, in part because the "case is presently in the pretrial stage with discovery only having commenced several months ago. No trial date has been set or even contemplated nor has a scheduling order been issued."). This makes good sense, since the simplification of issues early on should reduce the costs of discovery. See Heraeus, 2010 WL 181375, at *2.

Here, discovery has not yet begun, and a trial date has not been set. These facts weigh

heavily in favor of staying this matter until the conclusion of the associated reexaminations.

III.     Conclusion

After balancing the costs and benefits of staying this matter pending reexamination of the patents-in-suit, the Court concludes that a stay is warranted.  As such, Defendant's Motion for Stay Pending Reexamination (Doc. No. 32) is GRANTED.  The Clerk of Court is directed to place this matter into civil suspense.

BY THE COURT:

/s/Legrome D. Davis

Legrome D. Davis, J.