IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INFINITY COMPUTER PRODUCTS, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| OKI DATA AMERICAS, INC. | : | No. 12-6797 |

ORDER

AND NOW, this 21st day of November 2013, upon consideration of Attorney Robert L. Sachs, Jr.'s Second Motion to Withdraw as Counsel (Doc. No. 41), it is hereby ORDERED that the motion is GRANTED.[1] It is further ORDERED that Plaintiff shall promptly retain new counsel,[2] and the replacement of counsel shall not interfere with the proceedings before the U.S. Patent and Trademark Office.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.

---

[1] We are satisfied that Sachs has shown that leave for his withdrawal should be granted. Counsel may withdraw when his presence in the case "serves no meaningful purpose." Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 680 (3d Cir. 1986). To determine whether this standard is met, we evaluate the (1) "burden imposed on the potentially withdrawing counsel if the status quo is maintained," (2) "the stage of the proceedings," and (3) "prejudice to other parties." Buschmeier v. G&G Invs., Inc., 222 F. App'x 160, 164 (3d Cir. 2007) (citation omitted). Here, Sachs is not well-versed in patent matters and is serving a perfunctory role in the litigation. All parties have had notice for months that Sachs was operating without an attorney-client agreement with Infinity. Without such an agreement, he has been working without pay for a company that has corporate counsel. Further, there is little prejudice to the defendants in this case as the case is currently in civil suspense pending the P.T.O.'s final resolution on the patents at issue in this suit.

[2] "'It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.'" Buschmeier, 222 F. App'x at 162 (quoting Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993)).

1